**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-CV-134-GFVT

EDDIE MILTON GAREY, JR.                                                                                 PETITIONER

VS:                         **MEMORANDUM OPINION AND ORDER**

SUZANNE HASTINGS, Warden,
and SUSAN WALTERS, Education Supervisor                                                RESPONDENTS

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Eddie Milton Garey, Jr., who is confined in the United States Prison-Big Sandy in Inez, Kentucky ("USP-Big Sandy"), has filed a petition for a writ of habeas corpus, purportedly pursuant to 28 U.S.C. §2241. The petition is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS

Petitioner claims that disciplinary sanctions were imposed on him in violation of his constitutional rights to due process, equal protection, and access to the courts.

SUMMARY OF ALLEGATIONS

The petitioner's factual allegations are provided in a hand-lettered self-styled complaint and attached exhibits. They are summarized as follows.

The petitioner begins with some of the facts regarding his 2004 conviction by a jury, in the United States District Court for the Middle District of Georgia, on multiple criminal charges which

included telephoned threats, counterfeit, and possession of ammunition by a convicted felon. For the rationale behind his subsequent sentencing to 360 months' incarceration and other details of the case, see the district court's sentencing order now published at *United States v. Garey*, 383 F.Supp.2d 137 (M.D. Ga. 2005). *See also Garey v. Federal Detention Center, Miami*, 2006 WL 1379555 (11th Cir. 2006) (decided May 22, 2006, the appellate court noting that Garey's criminal case is before it on direct appeal and ruling that the appeal of the trial court's denial of a §2241 petition, which had been filed about pre-trial matters, must be dismissed as moot after the convictions).

The petitioner's criminal charges, convictions, and sentence are purportedly relevant herein because of an incident occurring at the prison. The petitioner attaches a copy of an incident report written against him on January 26, 2006. As a result of subsequent disciplinary proceedings wherein his due process rights were violated, Garey alleges, he was sanctioned with loss of his library job, his electronic law library account, and all access to the education department area of the prison. The petitioner claims that because of these sanctions, he cannot work on his direct appeal of his convictions, wherein oral argument has been set for November of 2006; or an appeal of the May 22, 2006 decision regarding the pre-trial §2241 petition; or the preparation of a motion to the trial court pursuant to 28 U.S.C. §2255.

The incident report of January 26, 2006, recounts the prison's discovery of Garey's unauthorized use of the inmates' local area network, his unauthorized access to certain programs, and his manipulation of a security program, all purportedly in violation of his signed agreement to abide by the "Computer Learning Center & CD Rom Law Library Rules." The report lists the offenses with which the petitioner was charged, as follows:

> 299 (most like 208) : Conduct disruptive to security or orderly running of a BOP Facility (high severity): Destroying or possession of any unauthorized locking device, lock pick or tampering with and blocking any locking device.  319 : Using any equipment contrary to instructions, or posted safety standards[.]

Incident Report of January 26, 2006. The petitioner alleges that he exhausted the Bureau of Prisons ("BOP") administrative remedy procedures in appealing the matter, Administrative Remedy Nos. 404153 and 404176, and he attaches documents to support this claim.

Garey claims that the disciplinary proceedings themselves violated several of his procedural due process rights and that the sanctions imposed for the convictions therein have wrongly denied him access to the courts.  He seeks injunctive relief in the form of orders granting him relief from the sanctions imposed therein, specifically, directing the respondents to expunge the incident report, grant him access to his computer files and the education department, and reinstate him to his library work and lost wages.

## DISCUSSION

The Court begins with the rule that federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241.  *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they `exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'").  Moreover, exhaustion of administrative remedies should be implemented to prepare a record.  *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

The administrative remedies available to inmates confined in Bureau of Prisons institutions

are set out in the Administrative Remedy Program, found at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present a complaint or request to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve the matter or if he is unhappy with a disciplinary matter, then he may file a formal written appeal (a BP-9 form) to the Warden. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* §542.15(a) - (b).

The petitioner appropriately alleges exhaustion of the BOP's administrative remedy process in two administrative proceedings and attaches copies of documents exchanged therein. The documents are telling.

<u>Remedy ID No. 404176</u>

With regard to Remedy No. 404176, a reading of the warden's response to the petitioner's BP-9 reveals that on January 26, 2006, the day on which the incident report was written, the petitioner was removed from the Education Department; the pay which he had anticipated for January was reduced; and the prison process was started to change him to a different job.

The warden's response and other administrative documents also reveal that the petitioner began Remedy No. 404176 almost immediately. He did not wait for a disciplinary proceeding to take place, but pleaded for his job back and for wages he had gotten previously. By memorandum of March 13, 2006, the warden denied the petitioner's request to suspend the job change and to pay him monies owed for the January work at the original rate. Warden Hastings explained the severity of what Garey had done and pointed out that inmates receive performance pay for satisfactory work,

but since the petitioner did not do satisfactory work but was utilizing the computer for personal use, his work was unsatisfactory and so he was paid a lesser, flat rate of $5.25.

There is some question with regard to whether Administrative Remedy No. 404176 was truly exhausted. The petitioner claims, and provides documents in support of the claim, that he filed a BP-10; a response was due from the regional director on May 20, 2006; but a response was never received. On May 22nd, therefore, he assumed the response to be a denial of relief and submitted his BP-11 to the national office. When the national office challenged the lack of a regional response, a prison staff member wrote a memorandum verifying that Garey, indeed, did not receive the regional response. The memorandum is dated June 29, 2006, and is the last action revealed in the administrative documents. Garey signed the instant petition the next week, on July 5th.

It is not necessary to resolve the exhaustion issue, however, as the petitioner has failed to state a claim upon which relief can be granted. *See* 41 U.S.C. §1997e(c)(2). The due process required by the U.S. Constitution for prisoners facing disciplinary action is triggered only when a prisoner is faced with the loss of good conduct time or a penalty which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The instant petitioner suffered the mere loss of a job and a reduction in his rate of pay to conform to the quality of his work. He neither lost good conduct time nor suffered an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," so as to require the prison to provide due process protections concerns under U.S. Supreme Court law. Moreover, courts have long held that the expectation of keeping a prison job is not a property or liberty interest that is protected by the due process clause. *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982), *cert.*

*denied*, 459 U.S. 1150 (1983); *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980); *Bryan v. Werner*, 516 F.2d 233, 240 (3rd Cir. 1975). Rather, classifications and work assignments of prisoners in state prisons are matters of prison administration within the discretion of the prison administrators. *Altizer v. Paderick*, 569 F.2d 212, 213 (4th Cir. 1977), *cert. denied*, 435 U.S. 1009 (1978).

Nor has the plaintiff made out a violation of his equal protection rights, as he has not shown he "was victimized because of some suspect classification, which is an essential element of an equal protection claim." *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992), *cert. denied*, 510 U.S. 842 (1993) (citing *Booher v. United States Postal Service*, 843 F.2d 943, 944 (6th Cir. 1988)). Vague or conclusory allegations may be dismissed. *See United States of America v. City of Philadelphia*, 644 F.2d 187, 200 (3rd Cir. 1981); *Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir. 1971)). As Garey offers no factual support for his equal protection claim, it, too, must be dismissed.

In sum, the instant petitioner has failed to state a claim upon which this Court may grant relief with regard to his job and lesser pay, and dismissal is authorized pursuant to 42 U.S.C. §1997e(c)(2).

<u>Remedy ID No. 404153</u>

Administrative Remedy No. 404153 is the petitioner's challenge to the disciplinary proceeding, wherein he was evidently partially successful. A reading of the exhibits with this number reveals that he has not yet been tried or convicted or sanctioned. He has even failed in his pre-filing obligation to exhaust his claims administratively prior to coming to federal court.

The Regional Director reveals the status of the incident report in response to the petitioner's BP-10, as follows:

> You appeal an incident report you received for Conduct which Disrupts (Code 299), most like Tampering with a Security Device (Code 208) and Using Equipment

> Contrary to Instructions (Code 319). You allege numerous due process violations.
>
> Upon review, it was noted there [sic] a final disposition has not been made on this case.
>
> Once final disposition is made, if you are not satisfied with the decision, you may reinstate the Administrative Remedy process at that time.

Regional Response, dated May 17, 2006.

Therefore, the petitioner's own exhibits reveal that there has not yet been a penalty to appeal, the administrative appeal process has not been exhausted with regard to any of his claims, and the matter is, accordingly, not yet properly before the Court. Garey's claims must be dismissed, without prejudice, for his failure await proper exhaustion of the administrative appeal process.

## WARNINGS

Because the petitioner characterized his initiating pleading as a petition pursuant to 28 U.S.C. §2241, the action was so docketed. However, upon the Court's screening, it has been revealed that Garey is not seeking earlier release, which is the remedy in a habeas action, but is complaining about the conditions of his confinement. In a conditions-of-confinement case claiming violations of the U.S. Constitution, the proper proceeding for a federal prisoner is a civil rights action pursuant to 28 U.S.C. §1331, for which the district court filing fee is $350.00, not the $5.00 due upon filing a habeas action.

The Court will give Garey the benefit of the assumption that the instant case was filed in good faith and that he did not realize the distinctions between the two causes of action. Therefore, the Court will not penalize him today. However, after entry of the instant Order advising him of the differences and attendant costs, he will be on notice of them and of the fact that the Court will hereafter treat him as the Sixth Circuit has directed the district courts to do when a prisoner attempts

to "cloak" a civil action, such as an alleged civil rights violation, under the auspices of a habeas action. "[T]he district court must assess the prisoner the applicable . . . [$350.00] filing fee." *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Although the *Kincade* Court was speaking about fraudulent §2254 and §2255 habeas proceedings, this Court will apply the same rule to any future §2241 action filed by the instant petitioner upon the Court's determination that it is really a civil rights action.

Additionally, the Court puts Garey on notice of another provision of the law which may prove applicable to him in the future:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

The petitioner in this action has now brought to this Court an action that was dismissed for failure to state a claim upon which relief may be granted. He is hereafter on notice that his right to bring such actions is limited. After the dismissal of three actions for any reason listed in the above-quoted statute, he will be forever barred from filing cases *in forma pauperis*, unless he is under imminent danger of serious physical injury.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The petitioner's motion to proceed *in forma pauperis* [Record No. 2] is granted.

(2) Eddie Milton Garey, Jr., is on notice that he may hereafter be subject to penalties set out in *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997) and/or 28 U.S.C. §1915(g).

(3) This action will be **DISMISSED**, *sua sponte*, without prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This  18th  day of July, 2006.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge